928 F.2d 410
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Bernard STEPPE, Jr., Petitioner.
 Misc. No. 297.
 United States Court of Appeals, Federal Circuit.
 Jan. 14, 1991.
 
 On Petition for Writ of Mandamus.
 Cl.Ct.
 DENIED.
 Before LOURIE, Circuit Judge, FRIEDMAN, Senior Circuit Judge and MAYER, Circuit Judge.
 ORDER
 LOURIE, Circuit Judge.
 
 
 1
 Bernard Steppe, Jr. petitions for writ of mandamus to compel the Claims Court to permit discovery.
 
 
 2
 As gleaned from the writ, Steppe filed a complaint in the Claims Court on August 13, 1990. Steppe served interrogatories on the United States and thereafter moved to compel. The Claims Court suspended all discovery and directed the United States to file a motion to dismiss.
 
 
 3
 Here, Steppe asks us to direct the Claims Court to allow discovery to proceed. Steppe relies on RUSCC 12(i) that provides that discovery shall not be suspended unless good cause is shown on separate motion.
 
 
 4
 Mandamus is an extraordinary remedy to be reserved for extraordinary situations. Gulfstream Aerospace Corp. v. Mayacamus Corp., 108 S.Ct. 1133, 1143 (1988). A party seeking issuance of a writ must show that it has no other adequate means to attain the relief desired. Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980). Here, Steppe is free to seek review of the propriety of the Claims Court's order suspending discovery on direct appeal after final judgment. Consequently, it cannot be said that he has no other adequate means to seek the relief he desires. See Allied Chemical, 449 U.S. at 36 (trial court's order ordering a new trial does not justify issuance of a writ because litigant may seek review after final judgment).
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 Steppe's petition for writ of mandamus is denied.